IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-681-BO

| | | |
|---|---|---|
| ANGIE L. ROBERTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| *Acting Commissioner of Social Security,* | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on August 30, 2017, at Raleigh, North Carolina. For the reasons discussed below, the decision of the Commissioner is affirmed.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying her claim for supplemental security income (SSI) pursuant to Title XVI of the Social Security Act. Plaintiff protectively applied for SSI on October 30, 2012, alleging disability since December 1, 2008. After initial denials, a hearing was held before an Administrative Law Judge (ALJ) who issued an unfavorable ruling. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff, after receiving an extension of time, then timely sought review of the Commissioner's decision in this Court.

DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

2

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined that plaintiff had not engaged in substantial gainful activity since her application date. Plaintiff's hypothyroidism, obesity, fibromyalgia, hemorrhoids, irritable bowel syndrome, degenerative disc disease, major depressive disorder, anxiety disorder, and learning disorder were considered severe impairments at step two but were not found alone or in combination to meet or equal a Listing at step three. The ALJ concluded that plaintiff had the RFC to perform light work with limitations. The ALJ found that plaintiff had no past relevant work, and that, considering her age, education, work experience, and RFC, jobs existed in significant numbers in the national economy which plaintiff could perform. Those jobs included mail clerk, laundry classifier, and remnant sorter.

Plaintiff contends that the ALJ failed to properly evaluate the opinions of two examining state agency medical consultants, Dr. Levitt and Ms. Masour, and failed to account for plaintiff's moderate limitation in maintaining concentration, persistence, and pace in the RFC finding. The Court addresses each assignment of error in turn.

State agency examiner Dr. Levitt, a psychiatrist, evaluated plaintiff on January 22, 2013. Tr. 374-77. Dr. Levitt opined that plaintiff would not be able to retain and follow instructions on a long-term basis and that she would be unable to tolerate the stress and pressure associated with day-to-day work activity at that time. Dr. Levitt also found plaintiff to be a somewhat unreliable historian and found her to be unsure and vague in her answers to questions. The ALJ afforded the opinion of Dr. Levitt little weight, finding that it was based on a one-time exam and not consistent with the evidence in the record, in particular the records from Lincoln Community Health Center, at which plaintiff had sought medical treatment over time. Tr. 32. Ms. Mansour, a licensed psychological associate, conducted an assessment of plaintiff on May 17, 2010. Ms. Mansour found that plaintiff was able to perform a simple repetitive task, but worked at a slow pace which Ms. Mansour opined may cause issues in a competitive work environment. Tr. 318. The ALJ afforded Ms. Mansour's opinion moderate weight, agreeing that plaintiff could perform simple, routine, repetitive tasks.

Substantial evidence supports the ALJ's treatment of the opinions of Dr. Levitt and Ms. Mansour. As the ALJ recognized, Dr. Levitt's opinion regarding plaintiff's abilities was based at least in part on his findings that, at the time of the evaluation, plaintiff was undergoing situational stress in preparation for separation from her abusive husband. Contrary to Dr. Levitt's opinion that plaintiff could not retain or follow instructions, plaintiff reported that she

4

had studied for an associate's degree in early childhood education and was four courses short of finishing her degree. The ALJ agreed with Ms. Mansour that plaintiff should be limited to simple, routine, repetitive tasks; although Ms. Mansour additionally noted plaintiff's slow pace at the time of the evaluation, plaintiff was found by Ms. Mansour to have an average full-scale intelligence and Dr. Karen Beasley, a psychiatrist who performed an evaluation of plaintiff in February 2009, found that plaintiff was able to sustain attention to perform simple, repetitive tasks. Tr. 295. Accordingly, the Court finds there to be sufficient evidence that a reasonable mind would accept as true to support the ALJ's conclusions.

The ALJ's RFC assessment is further supported by substantial evidence. An ALJ makes an RFC assessment based on all of the relevant medical and other evidence. 20 C.F.R. § 404.1545(a)(3). As the ALJ notes, the treatment providers at Lincoln Community Health Center had routinely described plaintiff as having average intelligence, and, affording moderate weight to two non-examining state agency physicians, the ALJ found that plaintiff had moderate restrictions in concentration, persistence, or pace; moderate limitations in social functioning; and required low social demands. The ALJ's RFC limited plaintiff to simple, routine, repetitive tasks and jobs without complex decision making, constant change, or dealing with crisis situations. Although plaintiff relies on the holding in *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015), where the Fourth Circuit joined with other circuits in finding that a restriction to simple, routine tasks or unskilled work does not account for a plaintiff's limitations in concentration, persistence, and pace, here the ALJ did not only limited plaintiff to simple, routine, repetitive tasks. Rather, the ALJ addressed plaintiff's ability to make complex decisions and deal with environments in which constant change or crisis situations arose. The Court finds that the ALJ's

5

limitations reflected in the RFC adequately address the plaintiff's limitations, and the RFC is supported by substantial evidence.

Having conducted a full review of the record and decision in this matter, the Court finds that the decision as a whole is supported by substantial evidence and that the correct legal standard was applied.

## CONCLUSION

Accordingly, plaintiff's motion for judgment on the pleadings [DE 16] is DENIED and defendant's motion for judgment on the pleadings [DE 18] is GRANTED. The decision of the ALJ is AFFIRMED.

SO ORDERED, this _12_ day of September, 2017.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE